UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV16-5851-MWF (JPR)                    Date:  December 6, 2016
Title:     Albert Franklin -v- Ford Motor Company, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO REMAND [12]

     Before the Court is Plaintiff Albert Franklin's Motion to Remand to Los Angeles Superior Court (the "Motion for Remand"), filed September 6, 2016. (Docket No. 12). Defendant Ford Motor Company ("Ford Motor") submitted an Opposition on October 17, 2016 (Docket No. 24), to which Plaintiff replied on October 24, 2016 (Docket No. 26). On November 4, 2016, Plaintiff filed a Notice of Supplemental Authority Regarding Motion to Remand ("Supplemental Authority") (Docket No. 29), to which Defendant objected on November 5, 2016, as improperly filed and untimely (Docket No. 31). The Court need not — and does not — rely on the case discussed in Plaintiff's Supplemental Authority to reach its conclusion on the issue of remand.

     On September 15, 2016, Ford Motor filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"), noticed for hearing the same day as the Motion for Remand (Docket No. 16). Plaintiff submitted an Opposition on October 17, 2016 (Docket No. 22), to which Ford Motor replied on October 21, 2016 (Docket No. 25). The Court reviewed and considered the papers submitted on the motions and held a hearing on **November 7, 2016**.

     The Motion for Remand is **GRANTED**; accordingly, the Motion to Dismiss is **DENIED** *for lack of jurisdiction*. Plaintiff has voluntarily dismissed his federal claim and added a necessary, nondiverse party. The Court declines to exercise supplemental jurisdiction over the action.

---

**CIVIL MINUTES—GENERAL**                                                               1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV16-5851-MWF (JPR)			Date:  December 6, 2016
Title:	Albert Franklin -v- Ford Motor Company, et al.

## I. BACKGROUND

On June 29, 2016, Plaintiff filed a Complaint in Los Angeles County Superior Court generally alleging that in December 2013 he purchased a 2014 Ford Focus, which, it turned out, had a defective transmission. (Complaint (Docket No. 1-3, Ex. A) ¶¶ 7–9). Plaintiff alleged that Ford Motor failed to service or repair the vehicle properly under the applicable warranties. (*Id.* ¶ 10). Plaintiff brought five claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1790 *et seq.*, and one claim of common law fraud. (Compl. ¶¶ 7–32; 45–57). Plaintiff also brought a claim under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 *et seq.* Plaintiff alleged that he "suffered damages in a sum to be proven at trial that exceeds $25,000." (Compl. ¶ 12).

On August 5, 2016, Ford Motor answered the Complaint (Docket No. 1-3, Ex. A) and filed a notice of removal. (Notice of Removal of Action ("Removal Notice") (Docket No. 1)). Ford Motor removed the case based on federal question jurisdiction, citing Plaintiff's Magnuson-Moss claim. (*Id.* ¶¶ 3–4). Ford Motor requested the Court to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367. (*Id.* ¶¶ 7–8).

On August 25, 2016, Plaintiff filed a First Amended Complaint ("FAC") as a matter of course. *See* FAC (Docket No. 8); Fed. R. Civ. P. 15(B). The FAC added a new Defendant, Ford of Upland ("Ford Upland"), which is the dealership that allegedly sold the vehicle to Plaintiff and later serviced it. (FAC ¶ 5). Plaintiff alleges that Ford Upland is a citizen of California, and Ford Motor does not dispute that claim. (FAC ¶ 5; *see generally* Opp. to Mot. for Remand). The FAC also dropped the Magnuson-Moss claim. (*See generally* FAC). Plaintiff filed his Motion for Remand soon thereafter, and Ford Motor subsequently filed its Motion to Dismiss.

## II. DISCUSSION

"In general, removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

---
**CIVIL MINUTES—GENERAL**				2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV16-5851-MWF (JPR)				Date:  December 6, 2016
Title:	Albert Franklin -v- Ford Motor Company, et al.

Plaintiff contends that removal was improper because Ford Motor did not meet its burden to show, by a preponderance of the evidence, that the amount in controversy exceeded Magnuson-Moss' $50,000 jurisdictional prerequisite.  *See* (Mot. for Remand at 6); 15 U.S.C. § 2310(d)(3)(B); *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1040 (9th Cir. 2004).  Even if the action were properly removed in the first instance, however, the Court no longer has federal question jurisdiction because Plaintiff has since dismissed the Magnuson-Moss claim.  Moreover, with the addition of Ford Upland as a defendant — whose joinder Ford Motor does not contest (*see generally* Opp. to Mot. for Remand) — the Court has also been divested of diversity jurisdiction.  Accordingly, the only question that remains to be answered is whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  The Court declines to do so.

"The district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C.A. § 1367(c); *see also Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)" (quoting *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) (en banc))).  When determining whether to decline supplemental jurisdiction, courts should consider "the interests of 'economy, convenience, fairness, and comity' . . . ."  *Holly D. v. California Inst. of Tech.*, 339 F.3d 1158, 1181 n.28 (9th Cir. 2003) (quoting *Acri*, 114 F.3d at 1001).  The Court may also consider whether the "has engaged in 'manipulative tactics' — *i.e.*, is dismissing federal claims in an exercise in unprincipled forum shopping."  *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Here, the factors generally favor remand to the Los Angeles County Superior Court.  Judicial economy does not favor exercising supplemental jurisdiction over Plaintiffs' claims because Plaintiff's Motion for Remand was the first noticed motion filed by either party in the case.  Ford Motor's argument to the contrary is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV16-5851-MWF (JPR)                    Date:  December 6, 2016
Title:      Albert Franklin -v- Ford Motor Company, et al.

unavailing—its Motion to Dismiss was filed *after* Plaintiff's Motion for Remand, and the Court need not rule on the motion if it grants the Motion for Remand.

Neither convenience nor fairness appears to have much effect on the question of whether to retain Plaintiff's claims.  The Los Angeles County Superior Court is located mere blocks from this Court, and "a state forum will provide just as fair a proceeding as a federal one."  *Millar*, 236 F. Supp. 2d at 1119.

Comity favors declining to exercise jurisdiction.  "While federal courts may be obliged to speak on questions of state law in certain circumstances, we should always be mindful that, absent a strong justification, state law claims belong in state courts."  *Acri*, 114 F.3d at 1001 (9th Cir.) (O'Scannlain, J., dissenting).  Generally where, as here, all federal claims have been dismissed before trial, the federal court should dismiss the state claims as well.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Moreover, § 1367(c) instructs that an action ought to be dismissed where issues of state law substantially predominate over the federal claims.  *See Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) "[P]rinciples of comity [are] well-served by allowing the state courts to resolve claims solely of state law.").  That is the case here, where the only claims that remain allege violations of California state law.

Finally, the Plaintiff has not engaged in manipulative tactics by dismissing his federal claims and adding a diversity-destroying, albeit necessary, defendant — at least, not any more than Defendant has by removing the action in the first instance.

At the hearing, Defendant argued that Plaintiff manipulated jurisdiction by alleging a federal claim in state court, and then taking steps to remove any basis for federal jurisdiction once the case had been removed.  However, the Ninth Circuit has made clear that just as Ford Motor has the right to remove the case from state court, so too does Plaintiff have the right to adjudicate his state law claims in state court.  *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995).  Plaintiff does not get to have his cake and eat it too:  His federal law claims will be dismissed from the action with prejudice.  Should he choose to do so, however, Plaintiff may sacrifice his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV16-5851-MWF (JPR)          Date: December 6, 2016
Title:     Albert Franklin -v- Ford Motor Company, et al.

claims under federal law if he prefers a state forum. *Id.* "[S]uch practices [are not] anything to be discouraged." *Id.* Accordingly, the Court concludes that the relevant factors favor remand in this action.

### III.     CONCLUSION

The Motion for Remand is **GRANTED.** Plaintiff's federal claims are **DISMISSED** *with prejudice* and the Motion to Dismiss is **DENIED** *for lack of jurisdiction.* The Court **ORDERS** this action remanded to the Los Angeles County Superior Court.

IT IS SO ORDERED.